**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| QIANG CHEN, | No. 08-70916 |
| Petitioner, | Agency No. A098-462-401 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 8, 2011[**]

Before:     FARRIS, O'SCANNLAIN, and BYBEE, Circuit Judges.

Qiang Chen, a native and citizen of China, petitions for review of the Board

of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration

judge's decision denying his application for asylum and withholding of removal.

We have jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence,

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Li v. Holder*, 559 F.3d 1096, 1102 (9th Cir. 2009), and we deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based upon the omission from his asylum application and declaration of the tip Chen received that the police were investigating his family, *see Li v. Ashcroft*, 378 F.3d 959, 962-64 (9th Cir. 2004) (omissions and inconsistencies that go to the heart of the petitioner's claim support an adverse credibility finding), and his failure to provide reasonable explanations for the omission, *see Rivera v. Mukasey*, 508 F.3d 1271, 1275 (9th Cir. 2007). Substantial evidence also supports the agency's adverse credibility determination based on Chen's vague testimony regarding his Christian practices in the United States. *See Mejia-Paiz v. INS*, 111 F.3d 720, 724 (9th Cir. 1997) (vague testimony regarding religious affiliation supported adverse credibility determination). In the absence of credible testimony, Chen's claims for asylum and withholding of removal based on his membership in an underground Christian church fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Substantial evidence supports the BIA's determination that Chen failed to establish that the Chinese government "forced" his fiancee to have an abortion. *Cf. Ding v. Ashcroft*, 387 F.3d 1131, 1139 (9th Cir. 2004). Accordingly, Chen's

claims for asylum and withholding of removal under 8 U.S.C. § 1101(a)(42)(B) fail.

**PETITION FOR REVIEW DENIED.**